IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK WALTERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-14-1637 |
| | § | |
| YELLOWQUILL V. SCOTT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Plaintiff Mark Walters, a non-prisoner proceeding *pro se*, filed an initial pleading styled "Original Petition for Issuance of Writ Compelling Access to the Final Settlement Agreement of *Yellowquill v. Scott*" which was filed as a civil rights complaint. (Docket No. 1.) Plaintiff was granted leave to proceed *in forma pauperis*. (Docket No. 8.) For the reasons to follow, the Court will dismiss Plaintiff's complaint as frivolous.

### I. BACKGROUND

Plaintiff is a Native American who was previously confined in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) but discharged his sentence prior to filing this suit. (Docket No. 1 at 2.) Plaintiff states that he is part of a putative class of plaintiffs in a state court civil lawsuit alleging denial of religious rights to Native American inmates in TDCJ-CID. (Id.) Plaintiff seeks a writ pursuant to 28 U.S.C. § 1651 compelling "the Court" to unseal the "settlement agreement"

filed in Yellowquill v. Scott, Case No. 4:95-cv-1080 (S.D. Tex. filed Apr. 13, 1995), because he "has a strong interest in knowing the terms of the settlement agreement" and the information is necessary for prosecution of the state court lawsuit. (Id. at 3.) Plaintiff asserts that the Court "has the capacity to unseal records pursuant to the Federal Rules of Civil Procedure" (Id. at 1) and claims that "sealing the settlement agreement violates the common law right to public access to judicial records." (Id.)

## II. STANDARD OF REVIEW

A party proceeding *in forma pauperis* is subject to the screening requirements permitted by 28 U.S.C. § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoners and non-prisoners. See Newsome v. Equal Employment Opportunity Comm., 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A

2

complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to state a claim for relief under Section 1915 is the same standard found in Federal Rule of Civil Procedure 12(b)(6). Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999). When considering whether to dismiss an action under Rule 12(b)(6), the court construes the allegations in the complaint liberally in favor of the pleader and accepts as true all well-pleaded facts. Herrmann Holdings Ltd. v. Lucent Tech. Inc., 302 F.3d 552, 558 (5th Cir. 2002). The court may not rely on conclusory allegations or legal conclusions disguised as factual allegations. Jeanmarie v. United States, 242 F.3d 600, 602 (5th Cir. 2001).

### III. SUFFICIENCY OF COMPLAINT

A review of the docket in the Yellowquill case shows that Plaintiff's pending complaint has no arguable basis in fact. The docket in that case does not show any sealed records, much less a "Final Settlement Agreement" as Plaintiff alleges. The only document from that case referenced by Plaintiff is an Order of Dismissal entered May 5, 1998, dismissing the case without prejudice based on representations that "an amicable settlement" was being negotiated privately between the parties and allowing

reinstatement within ninety days if "final approval of the settlement could not be obtained." (Cause No. 4:95-cv-1080, Docket No. 119.) After an extension of time was granted, on October 28, 1998, the parties filed an "Agreed Stipulation of Dismissal With Prejudice" consisting of one sentence acknowledging that all parties had stipulated to dismissal with prejudice. (Cause No. 4:95-cv-1080, Docket No. 122.) On October 29, 1998, the case was dismissed with prejudice as agreed by the parties, with all parties to bear their own costs. (Cause No. 4:95-cv-1080, Docket No. 123.) As is customary with such confidential settlements, no settlement papers were filed with the Court and none are referenced on the docket. Plaintiff's assertion that sealed records are being maintained by the Court in the <u>Yellowquill</u> case is false.

Thus, Plaintiff's Complaint lacks any arguable basis in fact, <u>Neitzke</u>, 490 U.S. at 325, and must be dismissed as frivolous.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

(1) Plaintiff's complaint is DISMISSED, with prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

(2) Plaintiff is cautioned that filing of similar frivolous lawsuits may result in sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 11.; and,

(3) all pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to Plaintiff.

SIGNED at Houston, Texas, on *November 11*, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE